UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FOCARETO, | ) | Case No.: 1:20 CV 208 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant | ) | ORDER |

Defendant the Commissioner of Social Security (the "Commissioner") denied Plaintiff David Focareto's ("Plaintiff" or "Focareto") application for supplemental security income in the above-captioned case. On January 30, 2020, Plaintiff sought judicial review of the Commissioner's decision. (ECF No. 1.) And on May 18, 2020, Plaintiff filed a brief on the merits asserting three errors: (1) the Administrative Law Judge ("ALJ") failed to properly evaluate Focareto's bilateral knee osteoarthritis, (2) the ALJ failed to properly evaluate Focareto's credibility, and (3) the ALJ failed to solicit adequate information from the vocational expert. (Pl.'s Br. at PageID #491–98, ECF No. 13.) The Commissioner filed a response brief opposing Plaintiff's arguments on July 31, 2020. (ECF No. 16.) Pursuant to Local Rule 72.2(b)(1), the court referred the case to Magistrate Judge Carmen Henderson ("Magistrate Judge" or "Judge Henderson") to prepare a Report and Recommendation ("R & R").

Judge Henderson submitted an R & R on January 28, 2021, recommending that the court

affirm the Commissioner's decision. (ECF No. 18.) First, the R & R finds that the ALJ properly evaluated Plaintiff's knee pain and associated limitations. The ALJ treated submissions from Dr. Daniel Karns ("Dr. Karns"), Plaintiff's treating physician, as medical-source statements, which carry no special significance, rather than medical opinions, which generally receive controlling weight. After reviewing the record, the Magistrate Judge agrees with the ALJ's decision to give Karns's submission little weight because it "does not reflect his judgment about the nature and severity of Focareto's impairments" and it "never opines on Focareto's condition or . . . any particular functional limitation." (*Id.* at PageID #530.) Further, the R & R concludes that the ALJ fairly considered the record as a whole and that substantial evidence supports the ALJ's decision that Plaintiff was capable of medium exertion notwithstanding his physical limitations. (*Id.* at PageID #534–37.) Second, the R & R finds that Plaintiff waived his credibility argument. But even if Plaintiff did not waive this argument, the Magistrate Judge explains, it lacks merit because Plaintiff simply makes an unfounded and unsupported assertion that the hearing was too short for the ALJ to make a credibility determination. (*Id.* at PageID #537–39.) Finally, the R & R determines that the ALJ did not need to ask the vocational expert about limitations that were not included in Plaintiff's residual functional capacity ("RFC"). Although Plaintiff asserted that the ALJ erred by excluding various limitations from Plaintiff's RFC, the R & R finds that substantial evidence supports the ALJ's determination. Accordingly, because the RFC was appropriate, the Magistrate Judge concludes that the ALJ did not need to question the vocational expert about additional limitations. (*Id.* at PageID #539–42.)

Plaintiff filed an Objection to the R & R on February 11, 2021. (ECF No. 19.) The Objection raises two arguments: First, that the ALJ incorrectly treated Dr. Karns's submission as medical-source statements rather than controlling medical opinion. (*Id.* at PageID #543–44.) Second, and

relatedly, that the ALJ erred by refusing to include additional limitations in the RFC in light of Dr. Karns's submission. (*Id.* at PageID #545.) The Commissioner responded to Plaintiff's Objection on February 25, 2021. (ECF No. 20.) As the Commissioner points out, Plaintiff's Objection merely rehashes arguments that he raised in his merits brief and that the Magistrate Judge addressed and rejected in the R & R.

The court finds, after careful *de novo* review of the parties' arguments, the R & R, Plaintiff's Objection, and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Henderson's R & R. The court hereby affirms the Commissioner's decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 3, 2021